**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4698**
_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CURTIS LEE TERRY,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:00-cr-00162-F-1)

_____

Submitted:  April 19, 2012          Decided:  April 24, 2012

_____

Before NIEMEYER, SHEDD, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Lee Terry appeals the twenty-four-month sentence imposed upon revocation of his term of supervised release. He contends that the sentence was unreasonable because the district court did not address his assertion that his deafness caused him problems in prison. We affirm.

We will not disturb a sentence imposed after revocation of supervised release that is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citations omitted).

Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the court must consider the Chapter Seven policy statements in the federal Sentencing Guidelines manual, as well as the statutory requirements and

2

factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006).

During the revocation hearing, Terry's counsel informed the court that in the past, Terry "has had [ ] a difficult time in the prison system," and that he had "a difficult time in county jails." He informed the court that, in the county jail, they were not aware that he was deaf, and thought he was ignoring directions and orders. Counsel also asserted that many of Terry's institutional infractions may have been due to Terry's deafness. Although counsel asked the court to "take into consideration the fact that [Terry] is deaf and has a hard time in the prison system," he did not request any particular sentence.

In determining Terry's revocation sentence, the district court considered the Chapter Seven policy statements, the statutory requirements, and the relevant factors in § 3553(a). The court concluded that a twenty-four-month sentence was appropriate based on how quickly Terry returned to criminal conduct upon his release, the dangerousness of his criminal conduct, and his criminal history. The court found that a twenty-four-month sentence would promote respect for the law and deter criminal conduct. In light of Terry's deafness, the court recommended that he be confined in a correctional

3

institution that will afford him treatment for his hearing disorder.

This sentence is not plainly unreasonable. Crudup, 461 F.3d at 437-39. The court complied with the requirements of sentencing and did not abuse its discretion in imposing the twenty-four-month sentence. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED